Lonnie J. Williams, Jr. (*Pro Hac Vice* Forthcoming)
lonnie.williams@stinson.com
Carrie M. Francis (309280)
carrie.francis@stinson.com
**STINSON LEONARD STREET LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925

Christopher P. Leyel (161755)
cleyel@yokasmith.com
**YOKA & SMITH, LLP**
445 South Figueroa Street, 38th Floor
Los Angeles, CA 90071
Tel: (213) 427-2300
Fax: (213) 427-2330

Attorneys for Defendant SCI Direct, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Doyle, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>SCI Direct, Inc. and Does I to 10, inclusive,<br><br>                    Defendants. | Case No. 2:18-cv-05859<br><br>Superior Court of Los Angeles Case No. BC705666<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332, 1441, 1446 AND 1453** |

PLEASE TAKE NOTICE THAT Defendant SCI Direct, Inc. ("SCI Direct") hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. The grounds for removal are as follows:

CORE/0810992.0064/141055236.4

## THIS COURT HAS JURISDICTION

1. This Court has original jurisdiction based on two separate, independent grounds. First, under the provisions of 28 U.S.C. § 1332, this action may be removed to this Court by SCI Direct pursuant to the provisions of 28 U.S.C. § 1441(a) because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Second, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA") 28 U.S.C. § 1332(d), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred (100) members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. §§ 1446 and 1453. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

3. Pursuant to 28 U.S.C. § 1446(a), a notice of removal must: (1) be signed pursuant to Rule 11 of the Federal Rules of Civil Procedure; (2) contain a "short and plain statement of the grounds for removal"; and (3) be accompanied by a copy of all process, pleadings, and orders served on the defendant in the action.

## VENUE IS PROPER

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(a), 1391 and 1446, because this action was originally brought in the Superior Court of California, County of Los Angeles as Case No. BC705666.

CORE/0810992.0064/141055236.4

## PLEADINGS, PROCESS AND ORDERS

5.     On May 18, 2018, this putative class action was commenced and is currently pending in the Superior Court of California, County of Los Angeles, as Case No. BC705666, entitled *James Doyle vs. SCI Direct, Inc.*  A true and correct copy of the Class Action Complaint for Damages (the "Complaint") is attached hereto as **Exhibit A.**

6.     The Complaint asserts that SCI Direct engaged in, among other things, "a system of willful violations of the California *Labor Code, Business and Professions Code,* and applicable IWC wage order, including, but not limited to, Labor Code §§ 226.8 and 2802; California Code of Regulations, Title 8 §11090 section 7 & 11-12; California Wage Order No. 1-2001 (8 Cal. Code Reg., § 11090); and Industrial Wage Commission Wage (hereinafter "IWC") Order No. 4. Specifically, Plaintiff challenges Defendants' acts of creating and maintaining policies, practices and customs of: (1) classifying Independent Sales Representatives as independent contractors instead of employees; and (2) failing to reimburse Plaintiff and the Class for reasonable business expenses. Plaintiff seeks compensation, damages, penalties and interest to the full extent permitted by the Labor Code and IWC Wage Orders." *See* **Exhibit A**, paragraph 3.

7.     On June 5, 2018, Plaintiff James Doyle ("Plaintiff") served SCI Direct's statutory agent Corporation Service Company. Attached hereto as **Exhibit B** are true copies of the documents served on SCI Direct, in addition to the Complaint (**Exhibit A**), including the Summons, Notice of Case Assignment, Civil Case Cover Sheet and Addendum, Voluntary Efficient Litigation Stipulations, and related proposed stipulations and case management orders.

CORE/0810992.0064/141055236.4

8.      On June 19, 2018, Plaintiff served SCI Direct's statutory agent Corporation Service Company with an Initial Status Conference Order. Attached hereto as **Exhibit C** are true copies of the documents served on SCI Direct on June 19, 2018.

9.      According to the Superior Court docket, a true and correct copy of which is attached at **Exhibit D**, Plaintiff has not filed a Return of Service of Summons and Complaint.

10.     Pursuant to 28 U.S.C. 1446(a), the attached **Exhibits A-D** constitute all process, pleadings and orders served upon SCI Direct in this action. SCI Direct has not filed an Answer in Superior Court.

### SCI DIRECT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

11.     This Notice of Removal is timely. Plaintiff personally served the Summons and Complaint on SCI Direct's agent on June 5, 2018. Pursuant to 28 U.S.C. 1446(b) and Federal Rules of Civil Procedure, Rule 6(a)(1)(C), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after SCI Direct was served with the Summons and Complaint and within one year after commencement of this action. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 356 (1999) (30-day removal period runs from the service of the summons and complaint).

12.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a "Notice to State Court and Adverse Parties of Removal of Action" (to include a copy of this Notice of Removal without Exhibits) will be promptly filed with the Clerk of the Superior Court in Los Angeles County, and served on all other parties to this action.

CORE/0810992.0064/141055236.4

## THIS COURT HAS DIVERSITY JURISDICTION

13.     SCI Direct is, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Florida, with its headquarters and principal place of business in the State of Florida and in the State of Texas. Plaintiff concedes SCI Direct is a Florida corporation, headquartered in Florida. *See* **Exhibit A**, at 3:12-14.

14.     For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend,* 130 U.S. 1181, 1192-93 (2010). At the time this action was commenced in state court, SCI Direct was, and remains, a Florida corporation (via incorporation) with its principal place of business in Plantation, Florida and Houston, Texas where its corporate offices and headquarters, and where SCI Direct's executive and administrative functions, are located. SCI Direct is not, and was not at any relevant time, a citizen of the State of California.

15.     Plaintiff is a citizen of California and resident of the County of Ventura. *See* **Exhibit A**, at 3:19-23. The defined Class Members include Call Service Representatives working for SCI Direct as independent contractors in California. *Id.*, at 5:13-17.

16.     The Complaint also names Defendants Does 1-10. Pursuant to 28 U.S.C. § 1441(a), the citizenship of these defendants is disregarded.

17.      There is other evidence establishing diversity. This is not the first class action lawsuit filed against SCI Direct relating to alleged violations of the California Labor Code involving independent sales representatives. The first related lawsuit captioned *Nicole Romano and Jonathan Bono vs. SCI Direct,*

CORE/0810992.0064/141055236.4

*Inc., Case No. 2:17-cv-03537-ODW-JMM* ("Lawsuit I"), and was originally filed in the Superior Court of the State of California, County of Los Angeles, as Case No. BC656654. SCI Direct on May 11, 2017 removed that action from the Superior Court of the State of California, County of Los Angeles to United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453. (Lawsuit I, Doc. 1). The Plaintiffs in Lawsuit I, like Mr. Doyle, are residents of the California. SCI Direct, Inc. is the only named defendant. Plaintiffs in Lawsuit I are represented by the same counsel as James Doyle. At no time after the filing of the Notice of Removal have plaintiffs in Lawsuit I challenged the Federal Court's jurisdiction.

18.   Nicole Romano and Jonathan Bono filed a second lawsuit in the United States District Court Central District of California, No. 2:18-cv-02377-ODW-JEM ("Lawsuit II"). SCI Direct, Inc. was again the sole defendant. (Lawsuit II, Doc. 1). In Lawsuit II, Plaintiffs asserted that the jurisdiction was proper under 28 U.S.C. §1332(d)(2)(A) because Plaintiffs worked for Defendant in the State of California and the Plaintiffs were residents of the State of California and because Plaintiffs sought relief on behalf of a California class, which will result in at least one class member belonging to a different state than that of SCI Direct, a company incorporated in the State of California. Plaintiffs in Lawsuit II also alleged that the class sought damages in excess of $5,000,000.00. Lawsuit II, Doc. 1, paragraph 5.

19.   The amount in controversy herein far exceeds the sum or value of $75,000, exclusive of interest and costs, as detailed more fully below.

## **THIS COURT HAS JURISDICTION UNDER CAFA**

20.   In *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547 (2014), the United States Supreme Court clarified the standards applicable to notices of removal in CAFA cases, confirming a liberal standard in favor of

removing defendants. Specifically, the Supreme Court found that the similarity of language between the removal statute and Rule 8(a) can only mean that the same liberal pleading standards applied to complaints must also apply to notices of removal. *Id.* The Supreme Court also held in *Dart* that a removing defendant is not required to include evidence with its pleading in order to establish that the elements of federal subject matter jurisdiction are met. *Id.* at 552-553. Only if the Court or another party challenges jurisdiction should the Court require a removing defendant to prove, under the applicable "preponderance" standard, that the jurisdictional requirements are met. "In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(13) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554. In addition, there exists no "presumption against removal" in CAFA cases, because CAFA was specifically enacted by Congress "to facilitate adjudication of certain class actions in federal court." *Id.*

21.     This Court has diversity jurisdiction over Plaintiff's action pursuant CAFA, at 28 U.S.C. § 1332(d). Under CAFA, federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5,000,000 (exclusive of costs and interest). *See* 28 U.S.C. §§ 1332(d)(2), d(5), and(d)(6). CAFA applies to "class actions," which the statute defines as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute." 28 U.S.C. § 1332(d)(1)(B).

22.     Plaintiff brings this lawsuit as a class action. Plaintiff seeks to act as a class representative and states in the very first page that "[t]his Class Action

against Defendants, and each of them, pursuant to California Code of Civil Procedure section 382." *See* **Exhibit A**, 1:21-23. Accordingly, CAFA applies. *E.g., Bodner v. Oreck Direct, LLC,* 2006 WL 2925691, at *3 (N.D. Cal. Oct. 12, 2006) (CAFA applies where "Plaintiffs' complaint alleges that the action is a class action, and recites the prerequisites to a class action under . . . California Code of Civil Procedure Section 382").

23.    Plaintiff seeks to represent a class of all current and former individuals who worked for SCI as an independent contractor within the State of California at any time during the period from four years preceding the filing of this Complaint. *See* **Exhibit A**, at 10:21 – 11:9.

24.    The parties agree that the proposed group of Class Members exceed 100 persons. *See* **Exhibit A**, at 12:4-5.

25.    CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because Plaintiff and SCI are citizens of different states:  California and Florida or Texas.

26.    Plaintiff has conceded that he is domiciled in California. *See* **Exhibit A**, at 3:19-23. Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss,* 797 F.2d 747, 751 (9th Cir. 1986). Therefore, Plaintiff is a citizen of California for diversity purposes.

27.    Conversely, SCI Direct is not a citizen of California. As Plaintiff concedes, SCI Direct is a citizen of Florida. *See* **Exhibit A**, at 3:12-13; 3:24-26. As described above, at the time this action was commenced in state court, SCI Direct was, and remains, a Florida corporation (via incorporation) with its principal place of business in Plantation, Florida and Houston, Texas where its

CORE/0810992.0064/141055236.4

corporate offices and headquarters, and where SCI Direct's executive and administrative functions, are located.

28.    Also, the allegations in Lawsuit I and Lawsuit II establish diversity for the purpose of CAFA.

29.    Accordingly, the named Plaintiff is a citizen of a state different from SCI Direct, and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

30.    The amount in controversy exceeds $5,000,000.[1]    CAFA's $5,000,000 threshold for the "amount in controversy," is not the same as the amount ultimately recovered. *Lara v. Trimac Transp. Servs. Inc.,* 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010). Rather, in assessing the amount in controversy, courts must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). After all, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 400 (9th Cir. 2010) (citing *McPhail v. Deere & Co.,* 529 F.3d 947, 956 (10th Cir. 2008)). Additionally, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated"; *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) (stating that "[t]he amount-in-

---

[1] The alleged damages set forth in the instant Notice of Removal are provided for purposes of removal only. SCI Direct denies that Plaintiff or any putative class member is entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's claims and her alleged damages at every stage of this case.

CORE/0810992.0064/141055236.4

1  controversy inquiry in the removal context is not confined to the face of the

2  complaint") (citations omitted).

3       31.   Congress intended federal jurisdiction to be appropriate under CAFA

4  "if the value of the matter in litigation exceeds $5,000,000 either from the

5  viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the

6  type of relief sought (*e.g*., damages, injunctive relief, or declaratory relief)." *See*

7  Senate Judiciary Committee Report, S. REP. 109-14 at 42. In addition, the Senate

8  Judiciary Committee's Report on the final version of CAFA makes clear that any

9  doubts regarding the maintenance of interstate class actions in state or federal

10  court should be resolved in favor of federal jurisdiction. S. REP. 109-14 at 42-43

11  ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a

12  purported class action 'do not in the aggregate exceed the sum or value of

13  $5,000,000,' the court should err in favor of exercising jurisdiction over the case .

14  . . [Section 1332(d)] should be read broadly, with a strong preference that

15  interstate class actions should be heard in federal court if removed by the

16  defendant.")

17       32.   In calculating the amount in controversy, the claims of class

18  members may be aggregated to determine whether the amount in controversy has

19  been satisfied. 28 U.S.C. § 1332(d)(6).

20       33.   Plaintiff's Complaint here is silent as to the total amount in

21  controversy. However, as demonstrated herein, Plaintiff's allegations, when

22  accepted as true, place more $5,000,000 in controversy in this lawsuit. By

23  demonstrating that the amount in controversy exceeds the CAFA threshold, SCI

24  Direct in no way concedes the validity of Plaintiff's claims in any respect or the

25  likelihood that Plaintiff will obtain certification or recover anything.

26       34.   In determining whether the amount in controversy is met, the Court

27  may consider "summary-judgment type evidence," including judicial admissions.

28

CORE/0810992.0064/141055236.4

*Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9ᵗʰ Cir. 2004); see also *Singer v. State Farm Mutual*, 116 F.3d 373, 376 ("Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing with the need for proof of that fact.").

35.     Additionally, a defendant may rely on "document[s] received by the Defendant from Plaintiffs" in determining that the jurisdictional amount has bene satisfied. *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11ᵗʰ Cir. 2007). Furthermore, the ninth circuit has recognized that a case value derived by Plaintiff's counsel for settlement purposes constitutes relevant evidence when determining the amount in controversy. *Cohen v. Petsmart, Inc.*, 281 F.3d 837, 842 (9ᵗʰ Cir. 2002). Accordingly, a settlement letter is evident of the amount in controversy if it appears to reflect amount in controversy. *Chase v. Shop - Nsave Warehouse*, 110 F.3d 424, 428-30 (7ᵗʰ Cir. 1997) ("Plaintiff's settlement offer is properly consulted in determining Plaintiff's assessment of the value of her case").

36.     The same doctrine applies to removal pursuant to CAFA. *See Adams v. Matrixx Initiatives, Inc.*, 209 US Dist. Lexis, 94587(d) Ariz. September 24, 2009 ("Here evidence outside the complaint demonstrates that Plaintiff seeks damages in excess of the jurisdictional amount. Prior to the filing of this action, one hundred fourteen plaintiffs made a settlement demand of $250,000.00 each, more than three times the jurisdictional amount . . . This is relevant evidence of Plaintiff's assessment of the value of their case. *See Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1094 (11ᵗʰ Cir. 1994) 'great weight' should be given to the Plaintiff's assessment of the value of his case)."

37.     The Court may rely on prior pleadings to determine whether the prerequisite amount in controversy exists.  *E.g.*, *Hood v. Gulf States Pipeline Corp.*, 2006 U.S. Dist. LEXIS 11963 (W.D. La., March 2, 2006) ("Defendant has

CORE/0810992.0064/141055236.4

1   shown that the amount in controversy exceeds the jurisdictional amount, as

2   evidenced by Plaintiffs' own allegations in the First Lawsuit. . . .  Determinations

3   on the jurisdictional amount are based not only on the pleadings, but also on the

4   facts as they exist at the time of removal."

5        38.   As set forth above, this is the third lawsuit filed by Plaintiff's

6   counsel against SCI Direct relating to the same subject matter. Most recently, in

7   Lawsuit II, Plaintiff's counsel on behalf of Nicole Romano and Jonathan Bono,

8   and a class of individuals, including Mr. Doyle, sought literally identical damages

9   against SCI Direct. (*See* Lawsuit II, Doc. 1.) That lawsuit was filed in this Court

10   pursuant to CAFA and contains a specific allegation that, "Plaintiffs also seek

11   damages in the form of reimbursement of business expenses for the Class, which

12   are presently estimated to, when aggregated among the proposed class members,

13   exceed the $5,000,000.00 threshold for Federal Court jurisdiction." Lawsuit II,

14   Doc. 1, paragraph. 5. These are the same damages alleged in this lawsuit. *See*

15   **Exhibit A**, paragraphs 51-52.

16        39.   Additionally, there is no question that James Doyle is a member of

17   the Class alleged in Lawsuit II.

18        40.   Second, on March 12, 2018, Plaintiff's counsel sent an email to

19   counsel for SCI Direct which contained the settlement demand. The settlement

20   demand was based on a calculation of the alleged damages based on SCI Direct's

21   alleged violation by failing to make reimbursement of business expenses, which

22   is in part the damages sought here. According to Plaintiff's email, the value of

23   their claim was over four times (4x) the CAFA's jurisdictional requirements. *See*

24   Declaration of Lonnie J. Williams, Jr. attached as **Exhibit E**.[2]

25

26   [2] SCI Direct is not attaching the actual settlement email. SCI Direct understands the
purpose and intent of Rule 408. Defendants understand that it can utilize the document

27   for purpose other than establishing liability. However, unless Plaintiff challenges the

28   allegation SCI Direct believes that it would be best not to include the actual settlement

41.     Attorneys' fees are also includable in the amount in controversy where the underlying statute authorizes an award of fees. *Lowdermilk v. U.S. Bank Nat'l Ass 'n,* 479 F.3d 994, 1000 (9th Cir. 2007) *overruled on other grounds by Standard Fire Ins. Co. v. Knowles,* 133 S.Ct. 1345 (2013). Plaintiff is seeking attorneys' fees. *See* **Exhibit A**, at Prayer for Relief, subsection (U). The Ninth Circuit has recognized 25% as an appropriate benchmark for fee awards in class action cases. *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998). Adding that amount to the previously calculated value only serves to underscore the conclusion that this case easily exceeds the $5,000,000 threshold.

## CONCLUSION

42.     This Court has original jurisdiction over Plaintiff's claims by virtue of diversity jurisdiction and CAFA. This action is thus properly removable to Federal court pursuant to 28 U.S.C. § 1441. In the event this Court has a question regarding the propriety of this Notice of Removal, SCI Direct requests the opportunity to submit evidence, points and authorities further supporting the removal of this action.

RESPECTFULLY SUBMITTED this _____ day of July, 2018.

**STINSON LEONARD STREET LLP**

By:   /s/ Carrie M. Francis
Carrie M. Francis
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584

**YOKA & SMITH, LLP**
Christopher P. Leyel
445 South Figueroa Street, 38th Floor
Los Angeles, CA 90071

discussions between counsel as part of the record. The Declaration of counsel clearly establishes the prerequisite jurisdictional amount.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Attorneys for Defendant SCI Direct, Inc.

CORE/0810992.0064/141055236.4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2018, I caused the foregoing document to be filed electronically with the Clerk of Court using the ECF system and e-served this same date to the following:

Todd M. Friedman
tfriedman@toddflaw.com
Adrian R. Bacon
abacon@toddflaw.com
Thomas E. Wheeler
twheeler@toddflaw.com
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367

/s/  Linda Holder

CORE/0810992.0064/141055236.4